# EXHIBIT 1

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. *1977CV00446A*

<div style="writing-mode: vertical-rl">NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office</div>

.................................MICHAEL DEMAIO.................................. , Plaintiff(s)

v.

.................................HARBOR FREIGHT TOOLS USA, INC.................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon___ **Steven S. Blair** _____ ,
**Perrault Law Group, PLLC**
plaintiff's attorney, whose address is___ **79 Haverhill St., Methuen, MA 01844** , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
**56 Federal Street**
**Salem, MA   01970** _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant , Esquire, at Salem, the   **twelfth**
day of   **April**   , in the year of our Lord two thousand   **nineteen**

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____ , 20      , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated:                         , 20    .                    _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

```
┌─────────────────────────────────────────┐
│                                          │
│                              , 20     .  │
│                                          │
└─────────────────────────────────────────┘
```

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 1977CV00446A

ESSEX, SS.

<u>MICHAEL DEMAIO</u>
Plaintiff(s)

v

<u>HARBOR FREIGHT TOOLS USA, INC.</u>
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)





# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

ESSEX, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. *1977CV00446A*

| | |
|---|---|
| MICHAEL DEMAIO,<br>      Plaintiff | )<br>)<br>)<br>) |
| vs. | )<br>)<br>) |
| HARBOR FREIGHT TOOLS USA, INC.,<br>      Defendant | )<br>)<br>) |

## COMPLAINT

1. The Plaintiff, Michael DeMaio, is an individual who resides at 51 Rockwood Terrace, Auburn, Rockingham County, New Hampshire.

2. The Defendant, Harbor Freight Tools USA, Inc., is a foreign profit corporation in the business of selling goods and open to serve the public, having a usual place of business at 1525 South Willow Street, # 14, Manchester, Hillsborough County, New Hampshire and its principal office at 26541 Agoura Road, Calabasas, Los Angeles County, California.

3. Defendant, Harbor Freight Tools USA, Inc. also regularly conducts business in the Commonwealth of Massachusetts. Therefore, pursuant to MGLA Chapter 223A, Section 3, it is subject to the jurisdiction of the Commonwealth.

## COUNT I
### NEGLIGENCE

4. Plaintiff Michael DeMaio (hereinafter "Plaintiff") restates and incorporates via reference the allegations contained in paragraphs 1 to 3 as if stated herein.

5. Defendant Harbor Freight Tools USA, Inc. (hereinafter "Defendant") owns, and/or operates, and/or manages a retail store at 1525 South Willow Street, # 14, Manchester, Hillsborough County, New Hampshire.

6. On or about August 20, 2017, Plaintiff was a patron, visitor or business invitee of the Harbor Freight store located at the aforesaid address and was lawfully on the premises of Defendant. Plaintiff purchased several items, which included a 12" Sliding Compound

Miter Saw that weighed approximately 50 lbs. After the purchase, a Harbor Freight employee provided assistance to Mr. DeMaio in bringing the miter saw to Mr. DeMaio's pick-up truck. The defendant's employee attempted to place the box on the open tailgate of Mr. DeMaio's truck, but missed the tailgate and dropped the box on Mr. DeMaio's right lower leg/foot.

7.      On or about August 20, 2017, Defendant, its agents, and/or employees, and/or servants, controlled the premises located at 1525 South Willow Street, # 14, Manchester, Hillsborough County, New Hampshire, and had a duty to all customers that all actions taken by Defendant's agents, and/or employees, and/or servants would not cause physical harm to the customers.

8.      On or about August 20, 2017, Defendant, its agents, and/or employees, and/or servants, operated its business in such a manner as to cause injury to Plaintiff, said injury occurring on Defendant's premises, including negligence of the employee that dropped the saw onto the plaintiff's lower leg/foot, the negligent training of the employee that dropped the saw onto the plaintiff's lower leg/foot, and the negligent supervision of the employee that dropped the saw onto the plaintiff's lower leg/foot.

9.      As a consequence of the negligence of Defendant, its agents, and/or employees, and/or servants, the Plaintiff was caused to suffer severe personal injuries, pain and suffering, and to incur medical bills and other costs.

10.     Plaintiff, at all relevant times, was in the exercise of reasonable care.

WHEREFORE, Plaintiff, Michael DeMaio, prays that judgment be entered against Defendant, Harbor Freight Tools USA, Inc., in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

> Respectfully submitted,
> Michael DeMaio,
> By his attorney,
>
> Steven S. Blair, BBO # 663357
> PERRAULT LAW GROUP, PLLC
> 79 Haverhill Street
> Methuen, MA 01844-4203
> (978) 975-4100
> sblair@perraultlaw.com

Dated: March 21, 2019

2

## DEMAND FOR TRIAL BY JURY

The Plaintiff in this action hereby demands trial jury pursuant to Massachusetts General Laws, as amended, as well as pursuant to the Rules of Civil Procedure.

Respectfully Submitted,
Michael DeMaio,
By his Attorney,

Steven S. Blair

3

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: <u>ESSEX</u> | Docket Number: |
|---|---|---|

| PLAINTIFF(S)<br><br>MICHAEL DEMAIO | DEFENDANT(S)<br><br>HARBOR FREIGHT TOOLS USA, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Steven S. Blair, Esq. – PERRAULT LAW GROUP, PLLC<br>79 Haverhill Street<br>Methuen, MA – 01844-4203<br><br>Board of Bar Overseers Number     663357 | ATTORNEY (if known)<br><br>Unknown -<br>- |

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| <u>B04</u> | <u>Negligence – Personal Injury</u> | ( F ) | ( x ) Yes     (   ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:
1.       Total hospital expenses.................................................................................$        0.00
2.       Total Doctor expenses..................................................................................$    2,023.00
4.       Total physical therapy expenses....................................................................$    1,919.84
5.       Total other expenses.....................................................................................$        0.00
                                                                         **Subtotal**   $    **3,942.84**
B.    Documented lost wages and compensation to date...............................................$        0.00
C.    Documented property damages to date.................................................................$        0.00
D.    Reasonable anticipated future medical and hospital expenses..............................$        0.00
E.    Reasonable anticipaged lost wages......................................................................$        0.00
F.    Other documented items of damages (describe):
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe):

Post-Traumatic Injury resulting in crushing trauma to the dorsum of the foot and shin on the right side;
Chronic cutaneous nerve paresthesia on the dorsum of the foot with global sensory loss;
Loss of Function; and Permanent Impairment                                   $   275,000.00
                                                                    **TOTAL**    $   278,942.84

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):



                                                                    **TOTAL   $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record                                DATE:     March ⁊⁊ , 2019

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1977CV00446 $A$ | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Michael Demaio vs. Harbor Freight Tools USA, Inc. | Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|

| TO: Harbor Freight Tools USA, Inc. | COURT NAME & ADDRESS Essex County Superior Court - Salem J. Michael Ruane Judicial Center 56 Federal Street Salem, MA 01970 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/24/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 07/23/2019 | |
| All motions under MRCP 12, 19, and 20 | 07/23/2019 | 08/22/2019 | 09/23/2019 |
| All motions under MRCP 15 | 07/23/2019 | 08/22/2019 | 09/23/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/21/2020 | | |
| All motions under MRCP 56 | 02/18/2020 | 03/19/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/17/2020 |
| Case shall be resolved and judgment shall issue by | | | 03/24/2021 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to Session "A" in Salem Superior Court

| DATE ISSUED 03/29/2019 | ASSISTANT CLERK Carlotta Patten | PHONE (978)825-4800 |
|---|---|---|

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

**ESSEX, SS**                            **SUPERIOR COURT DEPARTMENT**
                                         **CIVIL ACTION NO. 1977CV00446A**

|                                        |   |
|----------------------------------------|---|
| **MICHAEL DEMAIO,**                    | ) |
|     Plaintiff      | ) |
|                                        | ) |
|                                        | ) |
| **vs.**                                | ) |
|                                        | ) |
|                                        | ) |
| **HARBOR FREIGHT TOOLS USA, INC.,**    | ) |
|     Defendant      | ) |
|                                        | ) |

## PLAINTIFF MICHAEL DEMAIO'S FIRST SET OF INTERROGATORIES TO BE ANSWERED BY THE DEFENDANT HARBOR FREIGHT TOOLS USA, INC.

Now comes the Plaintiff, Michael DeMaio, and, pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, demand that the Defendant, Harbor Freight Tools USA, Inc., answer the following interrogatories under oath. These interrogatories are deemed to be continuing, and any subsequently determined information or facts concerning the matters referred to herein require supplementary answers.

### DEFINITIONS

For the purpose of these interrogatories, the following words shall be deemed to have the following respective meanings as used herein:

- "Documents" means all writings of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter- and intraoffice communications, notations of any sort of conversations, notations of any telephone calls, meetings or other communications, bulletins, printed matter, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing); graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfilm, recordings, etc.); and any

electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, records, etc.).

- "You" or "your" means the Defendant and all other persons acting or purporting to act on your behalf.

- "Identify", when used in reference to a business, firm, partnership, association or corporation, means to state its business name and present address, as well as the names and present addresses of the principals, owners, participants, partners, officers or employees.

- "Identify", when used in reference to an individual person, means to state his or her full name, present home address, present or last known business address, present or last known position or business affiliation and his or her position and business affiliation at the time these interrogatories are directed to him or her.

- "Identify", when used in reference to a document, means to state an author or addressor, type of document or some means of identifying the document, the recipients of all copies of the document and its present location or custodian. If any such document was, but no longer is, in possession of the Defendant or subject to its control, state what disposition was made of it. In lieu of such identification, the Defendant may furnish, simultaneously with the filing of its answers to these interrogatories, such documents for inspection and copying by Plaintiffs' attorneys at their office, PERRAULT LAW GROUP, PLLC, 79 Haverhill Street, Methuen, Massachusetts 01844.

- "Date of the incident" means August 20, 2017.

- "Site of the incident" means Harbor Freight Tools store located at 1525 South Willow Street, # 14, Manchester, New Hampshire.

## INTERROGATORIES

1.  Please identify yourself fully, giving your full name, age, residence, employment or business relationship with the above-captioned Defendant, Harbor Freight Tools USA, Inc., and whether you have authority to answer all of the following interrogatories for the Defendant.

2.  Please identify your correct legal entity and identify, stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

2

3.    Please identify each individual that you have consulted with or have received information from with respect to answering these Interrogatories.

4.    Please state the name of the employee that assisted the Plaintiff to his vehicle and was with the Plaintiff when this incident occurred, including in your answer the employee's home address, as well as how long he has been employed by the Defendant.

5.    For each employee, agent, servant or officer who was present at the 1525 South Willow Street, # 14, Manchester, New Hampshire location of Harbor Freight Tools USA, Inc., on the date of the incident, please provide the following:

   a)   The name, address, phone number and job title of each individual;

   b)   The date the person was hired, and the name, address and job title of the person who hired that individual;

   c)   Whether the person is still employed by the Defendant and, if not, the date and reason the employment was terminated;

   d)   The name, address and job title of the person who was the individual's immediate supervisor on the date of the incident;

   e)   A description of the duties and responsibilities that person was required to perform on the date of the incident; and

   f)   The hours worked on the date of the incident.

6.    If any of the employees, agents or officers of the Defendant were at the scene of the incident just before, during, and/or just after the incident, please answer the following:

   a)   Identify each such employee, agent or officer.

   b)   For each such employee, agent or officer, as set forth in subpart (a) above, please describe what the person saw and heard with respect to the incident.

   c)   For each such employee, agent or officer, as set forth in subpart (a), above, please describe any conversations between the Defendants and the Plaintiff at the time of the incident.

   d)   Please state the actions taken by any employee, agent or officer of the Defendant in assisting the Plaintiff on the date of the incident.

3

7.     Please set forth each conversation that occurred between the Plaintiff and any employee, agent or officer of the Defendant at any time following the incident.

8.     State whether there is any insurance agreement in existence, and the contents thereof, relating to coverage that might satisfy in whole or in part any judgment the Plaintiff may obtain in this action against the Defendant, or that will indemnify or reimburse the Defendant for payment to satisfy such judgment, and, if so, identify the name and address of the company providing such insurance coverage,  and state the types and amounts of such coverage.

9.     Did any employee, agent or officer of the Defendant prepare, submit or make any written statement or report of the occurrence?  If so, state:

   a)  The date and matter of any such written statement or report, and

   b)  The substance and contents of any such written statement or report.

10.     Please state whether any agent, servant or employee took any photographs, pictures, diagrams or sketches of the location where this incident occurred that purport to depict the scene of the incident at the time it occurred.  If so, state:

   a)  The name and address of the individual who did so, and

   b)  Where said items are not located.

11.     Please state the names and addresses of any and all witnesses to the incident and identify any statements made by these witnesses to the Defendant or its agents, employees or servants.

12.     Please state the names and addresses of any and all witnesses you intend to have testify at trial of this action, along with a summary of their expected testimony.

13.     Please state in full the name and address of each person whom you expect to call as an expert witness on behalf of the Defendant in the above matter, including as to each person the nature of his specialization.

14.     With respect to each expert witness whom you expect to be called for testimony on behalf of the Defendant at trial, please state, specifying separately as to each expert:

4

     a)  The substance of the facts and opinions to which each such expert is expected to testify, and

     b)  A summary of the grounds for each opinion of each such expert.

15.    If you claim that the incident complained of in Plaintiff's Complaint was caused in part or entirely by the Plaintiff's own negligence, please describe what act or acts on the part of the Plaintiff constituted said negligence.

16.    Please state whether a report concerning the incident was ever prepared by any agent, servant or employee and, if so, state the name and address of the person or persons who prepared the report, the date of the report and the substance or the contents of the report.

17.    If the Defendant had any standards, rules, regulations, policies and/or practices in effect on or about August 20, 2017 regarding assisting customers with items, please state fully and in complete detail each such standard, rule, regulation, policy, procedure, and/or practice, and make clear whether each was oral or written. Please set forth verbatim all such standards, rules, regulations, policies, guidelines or practices relating to safety.

18.    Please describe what training procedures, if any, are followed in the course of training Defendant's employees with regard to invitees on the Premises. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training employees on how to assist customers with items.

19.    Please state whether the Defendant has in its possession, custody, or control a copy of any video, photographs, or any electronic media depicting the incident.

20.    Please state whether the Defendant has in its possession, custody, or control a copy of any video, photographs, or any electronic media depicting the area of the loss from two hours prior to the incident up to two hours after the incident. In accordance with this request, please provide any responsive items that fall within the time parameters stated.

21.    As to each affirmative defense plead by the Defendant in answer to the Plaintiff's Complaint, please state:

     a)  all facts known to you, your attorney, insurance carrier, or anyone acting on your behalf, or on their behalf, which support said affirmative defense; and

     b)  the name, business and residence address, and telephone number of any person known to you who possess or claims to possess knowledge of any fact referred to in subpart (a).

Respectfully submitted,
Michael DeMaio,
By his Attorney,

Steven S. Blair, BBO No. 663357
PERRAULT LAW GROUP, PLLC
79 Haverhill Street
Methuen, MA 01844-4203
(978) 975-4100
sblair@perraultlaw.com

Dated: April  /\ , 2019

6

**COMMONWEALTH OF MASSACHUSETTS**
**THE TRIAL COURT**

ESSEX, SS

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO. 1977CV00446A**

|  |  |
|---|---|
| **MICHAEL DEMAIO,**<br>        Plaintiff | ) <br> ) <br> ) <br> ) |
| **vs.** | ) <br> ) |
| **HARBOR FREIGHT TOOLS USA, INC.,**<br>        Defendant | ) <br> ) <br> ) |

**PLAINTIFF MICHAEL DEMAIO'S FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO THE DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

### INSTRUCTONS

Pursuant to Mass.R.Civ.P. 34, the Plaintiff, Michael DeMaio, requests the Defendant, Harbor Freight Tools USA, Inc., to produce documents (as hereinafter defined) or other items that are hereinafter set forth for inspection and copying at 10:00 a.m. at the law offices of Plaintiffs' Attorney, PERRAULT LAW GROUP, PLLC, 79 Haverhill Street, Methuen, Massachusetts 01844, within thirty (30) days from the date of this Request.

The Defendant may comply with this request by forwarding a copy of any documents or other items requested to counsel on or before the Production Date, *provided however*, the Defendant makes the appropriate designation as to the paragraph and subparagraph, if applicable, pursuant to which each document or other item is produced; if any document or other item is produced pursuant to more than one paragraph and/or subparagraph, the designation must so indicate.

As used herein, the term "document" means any medium on which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy (regardless of origin and location) of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, photograph, microfilm, data sheet or data processing card or any other written, recorded, transcribed, punched,

taped, filmed or graphic matter, however produced or reproduced, that is in your possession, custody or control or that was, but is no longer, in your possession, custody or control.

If any or all documents requested herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4) state in as much detail as possible the contents of the document, and (5) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine or other ground, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4)state the subject matter of the document, and (5) state the bases on which you contend you are entitled to withhold the document from production.

## REQUESTS

1.  Copies of all documents referred to in your answers to the First Set of Interrogatories Propounded by the Plaintiff.

2.  Copies of documents containing the names and addresses of any and all witnesses and/or any and all persons present during the incident and/or any persons having knowledge of the injuries to the Plaintiff, and the events of August 20, 2017.

3.  Copies of all signed and/or unsigned statements recorded by any means made by any witnesses to the incident described in the Plaintiff's Complaint that are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

4.  Copies of any and all incident reports, statements, signed or unsigned, and whether recorded by any means, made by the Defendant or the Defendant's agents or employees, that relate directly or indirectly to this action and are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

5.  Any and all statements of the Plaintiff concerning the incident described in the Plaintiff's Complaint.

6.  Any and all reports of investigators in the possession of or subject to the control of the Defendant, its agent, insurer or attorney.

2

7.    Sketches, plans or diagrams of the scene of the incident described in the Complaint.

8.    Photographs of the scene of the incident described in the Complaint.

9.    All photographs of the Plaintiff.

10.   Any and all incident reports written or prepared by any employee or agent of the Defendant concerning the incident referred to in the Complaint.

11.   All notes, correspondence, memoranda or other documents between the Plaintiffs and the Defendant or the Defendant's agents or employees.

12.   All payroll records for all employees of the Defendant on the date of the incident showing the time they began work, the time they left work and/or what they did while at work.

13.   Copies of all insurance policies that may be available to cover part or all of any judgment that may be rendered in this action against the Defendant, Harbor Freight Tools USA, Inc.

14.   Copies of all reports of all experts in the possession of the Defendant.

15.   All documents that the Defendant intends to introduce at trial.

16.   All video, photographs, or other electronic media depicting the scene of the incident from two hours before the incident until two hours after the incident. In accordance with this request, please provide any items in the possession, custody, or control of the Defendant that fall within the time parameters mentioned.

17.   Copies of all written, video, audio and photographic items used in the training and/or supervision of employees regarding any and all interactions with customers.

Respectfully submitted,
Michael DeMaio,
By his Attorney,

Steven S. Blair, BBO No. 663357
PERRAULT LAW GROUP, PLLC
79 Haverhill Street
Methuen, MA 01844-4203
(978) 975-4100
sblair@perraultlaw.com

Dated: April 10, 2019

3

APR 2 5 2019